*EYONS, Judge,
delivered the resolution of the court as follows:
As all the questions arising in this cause grow out of the appellant’s exceptions to the commissioner’s report, and the decree of the court of chancery, they will be examined as they stand there.
And first, as to the profits of the slaves; the court thinks the objection with regard to them is not sustainable; for they were, by the chancellor’s decree, to be stated, according to the testimony, where any was offered; and the tables were only to be resorted to, when other evidence could not be procured. Which direction was pursued by the commissioner in his subsequent report, and therefore that objection falls to the ground.
The answer of the commissioner, as to *788 the price at which he extended the. tobacco due to Swepston, is deemed satisfactory by the court; and sois the final adjustment of the rents and the £ZS, extracted from Dortch’s account.
The £6. 5. for the hire of carpenter Jack, was rectified. And, as to the sales by Dortch; those in 1775 stand as specie in the report; and those, made during the paper money age, are reduced by the scale, as the decree of the chancellor directed; which puts an end to that exception.
The credit for Skipwith’s bond was sanctioned ;' and the cash payments to the appellant, when he went to Richmond, explained and corrected, although the guardian’s accounts, which had been regularly examined ánd allowed by the court, were the best evidence, as the vouchers might have been lost or mislaid. The appellant has no cause, therefore, to complain on that score.
The payments to M’Kee and Speed were corrected by the decree, as well as the carriage of the two hogsheads of tobacco received by Gregory; and the court perceives no objection to the report in that respect.
With regard to i the claim for interest: The county court, the commissioner, .and the chancellor, all refused it. And when it is considered, that great part of the debt arose from *the presumed conversion of the personal estate by the wife; that Swepston, who was neither married nor appointed guardian, until 1779, never derived any ben.efit from it; that, if he had been accountable for it, he had paid it by the- time of her death ; and that if he had carried it into his guardian’s account, it must have been scaled at the period of carrying it thither, it would be the rigour of justice to punish him with interest for not having done what would have been prejudicial to the -appellant himself. The court therefore approves of the disallowance of interest. -
Dull credit appears tb have been allowed the appellant for the crop of 1775; and of course there is nothing to complain of upon that ground.
The only remaining question then is as to the costs in the’ county court; and we are of opinion that they ought to be divided’ between the parties; with which alteration only, the decree of’the chancellor is to be affirmed.
The decree of the court of appeals is as follows: - .
This court is of opinion, that there is error in so much of the said decree as directs the appellant to pay the costs of the suit in the county court,. which should be borne by the parties, .each paj’ing his own costs in that-.court, and that there is no error in the residue thereof. Therefore it is decreed and ordered, that so much of the said decree as is herein before stated to be erroneous,. be reversed and annulled.; that the residue thereof be affirmed, and that the appellee,, out of. the,estate of his testator, in his hands to be administered, pay to the appellant .his costs by him expended in the prosecution of his. appeal aforesaid here.”